## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

RACHEL MALDONADO MADRID,

     Plaintiff,

v.

R.G.V. LOANS, LLC,

     Defendant.

Case No. 7:23-cv-00239

## COMPLAINT

**NOW COMES** RACHEL MALDONADO MADRID ("Plaintiff"), by and through the undersigned counsel, complains as to the conduct of R.G.V. LOANS, LLC ("Defendant"), as follows:

## NATURE OF ACTION

1.      Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*., and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392 *et seq*., for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2.      Subject matter jurisdiction is conferred upon this Court by the TCPA, FDCPA, 28 U.S.C. §1331, and §1337 as the action arises under the laws of the United States.

3.      This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367(a).

4.      Venue is proper in this court pursuant to 28 U.S.C. §1391(b)(2) as Plaintiff resides

1

in the Southern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Texas.

## PARTIES

5.      Plaintiff is a natural person over 18-years-of-age, residing in Mcallen, Texas.

6.      Defendant is a loan agency that specializes in providing high interest loans to consumers across the country, including the state of Texas. Defendant is a limited liability company organized and existing under the laws of the state of Texas with its principal place of business located at 614 S Cage Boulevard, unit 6A, Pharr, Texas 78577.

7.      Defendants acted through its agents, employees, officers, members, managers, directors, heirs, successors, vendors, assigns, principals, trustees, sureties, subrogees, and vendors.

## FACTUAL ALLEGATIONS

8.      In early 2023, Plaintiff renewed a personal loan for approximately $1,400 ("loan") with Defendant.

9.      For the next two months, Plaintiff proceeded to make her monthly payments on the loan to Defendant.

10.     Subsequently thereafter, Plaintiff was diagnosed with cancer, resulting in financial hardship and inability to fulfill her consumer obligations.

11.     As a result, Plaintiff failed to make timely payments on the loan and the balance became past due ("subject debt").

12.     Thereafter, Plaintiff started receiving numerous collection calls to her cellular telephone from Defendant.

13.     In May 2023, Plaintiff answered a call from Defendant, demanded its collection calls cease, and requested that she be relieved of her payments due to the financial hardships caused

by her illness.

14.     In response, Defendant agreed to cease its calls and relieve Plaintiff of the subject debt, as well as her future loan payments once she sent a letter from her doctor confirming her medical condition.

15.     Relying on Defendant's promise, Plaintiff sent Defendant a letter from her doctor and ceased making loan payments to Defendant.

16.     Despite Defendant's assurance, Plaintiff continued to receive collection calls to her cellular telephone from Defendant.

17.     At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 1771.

18.     At all times relevant, Plaintiff's number ending in 1771 was assigned to a cellular telephone service.

19.     At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

20.     As the subject debt became further past due, Defendant ramped up its call volume significantly.

21.     Fed up with the harassing collection calls, Plaintiff answered a call from Defendant and, once again, requested that Defendant cease its collection calls entirely, and only contact her via mail.

22.     Despite Plaintiff's request that the collection calls cease, Defendant continued bombarding Plaintiff with collection calls, including calls from 956-258-5509.

23.     Moreover, in one conversation with a representative of Defendant, Plaintiff was told that Defendant that was going to continue bombarding Plaintiff with phone calls and looked

forward to embarrassing Plaintiff at her workplace.

24.     Furthermore, following calls that Plaintiff did not answer, Defendant would leave

a prerecorded voicemail message on Plaintiff's cellular phone stating as follows:

> "We are trying to get in contact with you, we are trying to collect a
> payment. Call us back Ms. Madrid so we can make payment
> arrangements. Our number is 956-223-4184. that's from R.V.G
> Loans."

25.     Defendant contacts Plaintiff at least 3 times a day despite Plaintiff sending a letter

to Defendant confirming her medical condition and Defendant's promise that the collection calls

would cease.

26.     Plaintiff had no choice but to submit to Defendant's harassing collection calls.

27.     In total, Defendant has placed no less than 20 harassing collection calls to Plaintiff's

cellular phone after Plaintiff initially requested that the calls cease.

28.     Defendant's unwanted calls and prerecorded messages have invaded Plaintiff's

privacy and have caused Plaintiff actual harm, including but not limited to, aggravation that

accompanies unwanted telephone calls and prerecorded messages, increased risk of personal injury

resulting from the distraction caused by the collection calls, wear and tear to Plaintiff's cellular

phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt

electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of

Plaintiff's telephone services, and wasting Plaintiff's time.

29.     Moreover, each time Defendant placed a telephone call to Plaintiff's cellular phone,

Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone

calls or otherwise utilize her cellular phone while her phone was ringing.

30.     Due to Defendant's refusal to honor Plaintiff's request that it cease its invasive

collection calls, Plaintiff was forced to retain counsel to compel Defendants to cease its deceptive

4

and abusive practices.

### COUNT I - VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

31.     Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32.     Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

33.     Defendant is a "person" as defined by 47 U.S.C. § 153(39).

34.     Section 227(b)(1)(A)(iii) of the TCPA prohibits "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice" to "any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2344 (2020).

35.     Defendant placed or caused to be placed numerous non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular phone number and using artificial or prerecorded voice technology without Plaintiff's consent in violation of 47 U.S.C. §227(b)(1)(A)(iii).

36.     As pled above, Defendant utilized an artificial or pre-recorded voice when leaving messages on Plaintiff's cellular telephone.

37.     Upon information and belief, based on consistent calls to Plaintiff's cellular phone and the pre-recorded messages used by Defendant, Defendant used prerecorded technology to place calls to Plaintiff's cellular phone.

38.     Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii) by placing dozens of non-emergency calls to Plaintiff's cellular telephone utilizing an ATDS and/or artificial or prerecorded

voice without her consent.

39.    As pled above, Plaintiff revoked consent to be called on her cellular phone during answered calls.

40.    As pled above, Plaintiff was harmed by Defendant's collection calls to her cellular phone.

41.    Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular phones.

42.    Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

43.    Upon information and belief, Defendant knew its collection practices violated the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

44.    As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff is entitled to receive $500.00 in damages for each violation.

45.    As a result of Defendant's knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation

**WHEREFORE**, Plaintiff, RACHEL MALDONADO MADRID, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;

b.  Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C);

c.  Enjoining Defendant from further contacting Plaintiff; and

d.  Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II - VIOLATIONS OF THE TEXAS DEBT COLLECTION PRACTICES ACT

46.     Plaintiff restates and realleges paragraphs 1 through 45 as though fully set forth herein.

47.     Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

48.     Defendant is a "Creditor" as defined by Tex. Fin. Code Ann §§ 392.001(3) and 392.001(7).

49.     The subject debt is a "debt" and a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

**a.  Violations of TDCA § 392.302**

50.     The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

51.     Defendant violated the TDCA when it called Plaintiff repeatedly despite her request that the calls cease and Defendant's promise that they would cease after Plaintiff sent a letter from her doctor. The repeated calls were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment on the subject debt.

52.     Upon being told to stop calling, Defendant had ample reason to be aware that it should not continue its harassing calling campaign. Yet, Defendant consciously chose to continue placing systematic calls to Plaintiff's cellular phone knowing that its conduct was unwelcome.

53.     As alleged above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, RACHEL MALDONADO MADRID, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.  Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c.  Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d.  Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e.  Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b); and

f.  Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: July 26, 2023                                    Respectfully submitted,

                                                        **RACHEL MALDONADO**
                                                        **MADRID**
                                                        By: */s/ Marwan R. Daher*
                                                        Marwan Rocco Daher, Esq.
                                                        *Attorney for Plaintiff*
                                                        Sulaiman Law Group, Ltd.
                                                        2500 S Highland Ave, Suite 200
                                                        Lombard, IL 60148
                                                        Telephone: (630) 575-8181
                                                        Fax: (630) 575-8188
                                                        mdaher@sulaimanlaw.com