IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| RACHEL MALDONADO MADRID | § | |
| | § | |
| V. | § | CASE NO. 7:23-CV-00239 |
| | § | |
| R.G.V. LOANS LIMITED | § | |
| LIABILITY COMPANY | § | |

### DEFENDANT'S ORIGINAL ANSWER

R.G.V. LOANS LIMITED LIABILITY COMPANY, herein after referred to as "Defendant", files this original answer to Plaintiff RACHEL MALDONADO MADRID'S original complaint.

### I.  GENERAL DENIAL

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant denies all allegations contained in Plaintiff's Original Complaint except the allegations expressly admitted below.

### II.  ADMISSIONS AND DENIALS

The following specific responses to Plaintiff's allegations correspond numerically to the numbered paragraphs in Plaintiff's Original Complaint.

1. The allegations of paragraph 1 are a general description of the Plaintiff's claims pursuant to various statutes, and do not require an admission or denial. To the extent a response is necessary, the allegations are denied.

2. The allegations of paragraph 2 are jurisdictional allegations and Defendant does not contest this court's jurisdiction.

3. The allegations of paragraph 3 are supplemental jurisdictional allegations and Defendant does not contest this court's supplemental or pendent jurisdiction.

4. The allegations of paragraph 4 are a venue allegation and Defendant does not contest the venue allegation.

5. Admitted that Plaintiff is a natural person who resides in McAllen, Texas.

6. Admitted that Defendant is a loan agency that makes loans to consumers in the State of Texas. Defendant further admits it is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business located at 614, S. Cage Boulevard, Unit 6A, Pharr, Texas 78577. Defendant does not know how Plaintiff defines the term "specializes", therefore, Defendant can neither admit nor deny the allegation as made by Plaintiff. Therefore, Defendant denies the part of the allegations that use or references the term "specializes".

7. Admitted.

8. Admitted, except that the loan renewal was for $1,600, not $1,400.00.

9. Admitted that Plaintiff made one full payment and after that, Plaintiff made partial payments.

10. Admitted that Plaintiff reported that she was diagnosed with cancer, but this was before she was in arrears. Defendant lacks knowledge or information sufficient to form a belief as to the rest of the allegations in paragraph 10 that it resulted in financial hardship and inability to fulfill her consumer obligations, therefore, the rest of the allegations are denied.

11. Admitted that Plaintiff failed to make timely payments on the loan and the balance became past due ("subject debt"). Defendant lacks knowledge or information sufficient to form a belief as to the allegation containing the phrase "as a result", therefore, it is denied.

12. Admitted that Plaintiff started receiving collection calls.

13. Defendant lacks knowledge or information sufficient to form a belief as to the allegation in paragraph 13, therefore, it is denied.

14. Denied.

15. Denied that Defendant made a promise to Plaintiff. Admitted that Plaintiff ceased making loan payments to Defendant.

16. Denied that Defendant made assurances to Plaintiff. Admitted that Defendant made some collections calls to Plaintiff.

17. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 17. Therefore, it is denied.

18. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 18. Therefore, it is denied.

19. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 19. Therefore, it is denied.

20. Denied.

21. Denied.

22. Admitted that Defendant made collection calls to Plaintiff but denies bombarding Plaintiff with collection calls.

23. Denied.

24. Denied that Defendant leaves prerecorded messages.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. As to the allegations in paragraph 31, Defendant incorporates its answers to paragraphs 1 through 30, all the remaining allegations are denied.

32. Admitted.

33. Denied that 47 U.S.C Sec. 153(39) mentions an LLC (Limited Liability Company) in its definition.

34. The allegations contained in paragraph 34 is a statement of law and no response is required. However, if a response is required, it is denied. Defendant further denies using an automatic telephone dialing system or an artificial or prerecorded voice in its calls to consumers.

35. Denied.

36. Denied.

37. Denied.

38. The allegations contained in paragraph 38 is a statement of law and no response is required. If a response is required, it is denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

The next paragraph is a prayer, and no response is required. If a response is required, it is denied.

46. As to the allegations in paragraph 46, Defendant incorporates its answers to paragraphs 1 through 45, all the remaining allegations are denied.

47. Admitted.

48. Admitted.

49. Admitted.

50. The allegations contained in paragraph 50 is a statement of law and no response is required. If a response is required, it is denied.

51. Denied.

52. Denied.

53. Denied.

The next paragraph is a prayer. and no response is required. If a response is required, it is denied, and Defendant prays that all requested relief sought by the Plaintiff be denied.

Regarding the allegations demanding for jury trial, no response is necessary as it is the right of a party to demand a jury trial.

### III.  AFFIRMATIVE DEFENSE

Defendant sets forth the following Affirmative Defense.

### FIRST AFFIRMATIVE DEFENSE
### (Cumulative Remedies)

1. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks cumulative remedies.

### PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's complaint, Defendant R.G.V. LOANS LIMITED LIABILITY COMPANY prays:

1. The Complaint be dismissed with prejudice and that Plaintiff shall take nothing by reason of her Complaint:

2. Judgment be entered in favor of Defendant and against Plaintiff;

3. Defendant be awarded its attorney fees, expenses and costs incurred in the defense of this action under TEX. FIN. CODE §392.403(c);

4. For such other relief which the Court deems just and appropriate.

Respectfully Submitted,

LAW OFFICE OF
FRANCISCO J. RODRIGUEZ
1111 West Nolana, Suite A
McAllen, Texas 78504
Telephone No.: (956) 687-4363
Telecopier No.: (956) 687-6415
Email: frankr@mcallenlawfirm.com

By: __/s/ Francisco J. Rodriguez__
    FRANCISCO J. RODRIGUEZ
    State Bar No. 17145800
    Federal No. 3083

## **CERTIFICATE OF SERVICE**

I, Francisco J. Rodriguez hereby certify that on this 24th day of August 2023, a copy of the foregoing document was served upon all counsel of record via CM/ECF System.

                                                  /s/ Francisco J. Rodriguez
                                        FRANCISCO J. RODRIGUEZ